IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOURDES D. HERRERA,<br><br>                Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER<br><br>Case No. 2:13-cv-128 BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff Lourdes D. Herrera appeals from the denial of her application for Supplemental Security Income (SSI). After careful consideration of the record and the briefs, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.[1] For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge.[2]

## BACKGROUND[3]

Plaintiff applied for SSI alleging disability as of December 31, 2008 which was later amended to March 17, 2009.[4] She claims disability due to manic depression, bipolar tendencies, anxiety, PTSD, hepatitis C, cutting herself, arm pain and memory loss.[5] After her claims were denied initially and on reconsideration, Herrera requested a hearing before an Administrative Law Judge (ALJ), which was held February 1, 2011.[6] On June 23, 2011, the ALJ issued an

---

[1] *See* Scheduling Order, docket no. 14 (noting that [o]ral argument will not be heard unless requested at the time of [the] filing first briefs by either party and upon good cause shown").
[2] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart,* 331 F.3d 758, 759 (10th Cir. 2003).
[3] The parties fully set forth the background of this case in their memoranda. The Court does not repeat this background in full detail.
[4] Tr. 12. Tr refers to the record before the Court.
[5] Tr. 188.
[6] Tr. 22.

unfavorable decision[7] and the Appeals Council denied Herrera's request for further review. This appeal followed.

Herrera was forty-one years of age when she filed her application.[8] She completed 10th grade, had no vocational training[9] and dropped out of school when she became pregnant.[10] Plaintiff reported having difficulty in school but was not in special education classes except for a time in the eighth grade. Herrera has worked periodically in the past and stated that she last worked in 2008.[11] Most of Herrera's past work involved packaging and assembly[12] and in the ALJ's decision it was determined that she had no relevant past work.[13]

The ALJ followed the standard sequential five-step evaluation process for determining disability.[14] At step two the ALJ found Herrera had the following severe impairments: chronic liver disease (hepatitis C infection and cirrhosis); opioid dependence; alcohol dependence; anxiety disorder, not otherwise specified; post-traumatic stress disorder; bipolar disorder; and borderline intellectual functioning.[15] Next the ALJ found that Herrera's impairments, including her substance use disorders, were per se disabling under listings 12.04, 12.06, 12.08 and 12.09.[16]

Because the sequential evaluation process led to the conclusion that Plaintiff was disabled and there was medical evidence of Plaintiff's drug addiction and alcoholism in the record (DAA), the ALJ was required to determine whether the DAA was a contributing factor material

---

[7] Tr. 12.
[8] Tr. 183.
[9] Tr. 193.
[10] Tr. 358.
[11] Tr. 188.
[12] Tr. 189.
[13] Tr. 24.
[14] *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (summarizing five step process); 20 C.F.R. § 416.920(a)(4).
[15] Tr. 14.
[16] Tr. 18. *See* 20 C.F.R. Part 404, Subpt. P., Appx. 1 (the Listings).

to the determination of disability.[17]  The ALJ found that if Herrera stopped the substance use, the remaining limitations would still cause more than a minimal impact on her ability to perform basic work activities.  Therefore, Plaintiff would still have severe impairments.[18]  These severe impairments, however, would not meet a listing if Plaintiff stopped the substance use.[19]

Next, the ALJ found that if Plaintiff had stopped the substance use she would have had the residual functional capacity (RFC) to perform a full range of light work with certain exceptions.  These included restrictions such as working at no more than a low-stress level and only at a low production level with minimal contact with supervisors, co-workers and the public.[20]

The ALJ asked an impartial vocational expert (VE), James Cowart, to assume an individual of Plaintiff's age, education, and work history.[21]  The ALJ asked Mr. Cowart to assume the hypothetical individual had the RFC to perform light or sedentary unskilled work, subject to certain limitations including those mentioned above.[22]  Mr. Cowart testified that such an individual could work as a mounter, type copy examiner, traffic checker, and photo copy machine operator.[23]  He further testified that, while the Dictionary of Occupational Titles (DOT) definitions for the jobs he listed would not include all the limitations mentioned in the ALJ's hypothetical, his experience as a vocational rehabilitation counselor indicated that a hypothetical individual could perform those jobs in reduced numbers.[24]

Consistent with the VE's testimony, the ALJ concluded that Herrera could perform other work that existed in significant numbers in the national economy if she was not using drugs or

---

[17] 20 C.F.R. § 416.935.
[18] Tr. 19.
[19] Tr. 20.
[20] Tr. 21.
[21] Tr. 84..
[22] Tr. 84-85.
[23] Tr. 86.
[24] Tr. 89-90.

3

alcohol.[25] Finally, because Herrera would not be disabled if she stopped the substance use the ALJ found that Plaintiff's substance use was a contributing factor material to the determination of disability. Therefore, she was not disabled under the Act.[26]

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[27] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[28] It requires more than a scintilla, but less than a preponderance.

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[29] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[30] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[31] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[32] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[33]

---

[25] Tr. 24.
[26] Tr. 25.
[27] *Madrid v. Barnhart*, 447 F.3d 788, 790 910th Cir. 2006).
[28] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).
[29] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[30] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[31] *Lax*, 489 F.3d at 1084 (citation omitted).
[32] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).
[33] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).

## ANALYSIS

In this appeal, Herrera contends: (1) the ALJ erred in failing to consider Listing 12.05(C) at step three and (2) the ALJ erred in his DAA determination.

### A. Listing 12.05(C)

Herrera contends the ALJ erred by failing to consider Listing 12.05(C) at step three in the sequential evaluation process. At step three, a determination is made "whether the impairment is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."[34]

Listing 12.05(C) permits a finding of disability in cases where an individual has an intellectual disability[35] which is "significantly subaverage general intellectual functioning with deficits in adaptive functioning manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."[36] The required level of severity is met under Listing 12.05(C) if a claimant has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."[37]

As noted by Defendant, Plaintiff bears the burden at step three of demonstrating that her impairments, considered singly or in combination, meet or medically equal Listing 12.05(C).[38] "To show that an impairment or combination of impairments meets the requirements of a listing,

---

[34] *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).
[35] Listing 12.05(C) previously used the term "mental retardation" instead of "intellectual disability."
[36] 20 C.F.R. Part 404, Subpt. P., App. 1 § 12.05.
[37] *Id.*
[38] *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment."[39]

Here, there is very little evidence in the record—other than Plaintiff's own testimony that she attended special education classes in the eighth grade[40]—that Herrera had "significantly subaverage general intellectual functioning" prior to age 22 as required by the Listing. Rather, the evidence indicates she "struggled" some, but went through regular high school eventually dropping out because she became pregnant. While it is true that Herrera did have a full scale IQ test score of 70 that fact alone does not meet Listing 12.05(C).

Herrera next professes that Defendant's arguments alleging she did not meet her burden in showing she met Listing 12.05(C) are an impermissible *post hoc rationale* for the ALJ's decision. The Court disagrees. Prior case law has made it clear that Herrera bore the burden at step three to provide evidence that she met this Listing.[41] Her failure to meet this burden cannot be transferred to the Commissioner. Further, Herrera was represented by counsel during the ALJ's hearing and the appeals process and never asserted that she met Listing 12.05(C). As such it seems improper to consider this argument for the first time on appeal especially when an ALJ is not required "as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments."[42]

Accordingly, the Court finds the ALJ did not err in failing to consider Listing 12.05(C).

---

[39] *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007) (citing 20 C.F.R. §§ 404.1525, 416.925 (2006)).
[40] Tr. 36.
[41] See *Bowen*, 482 U.S. at 146 n.5; Fischer-Ross, 431 F.3d at 733; *Lax*, 489 F.3d at 1085.
[42] *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990).

## B. The ALJ's Drug Addiction and Alcoholism Determination

Plaintiff argues the ALJ erred in his drug addiction and alcoholism determination. Herrera's arguments center on the ALJ's alleged failure to apply the provisions of Social Security Ruling (SSR) 13-2p, which sets forth a process for evaluating cases of drug addiction and alcoholism (DAA).[43]

In 1996, Congress enacted the Contract with America Advancement Act (CAAA), which amended the Social Security Act.[44] The 1996 amendment provides that "[a]n individual shall not be considered to be disabled for purposes of the subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."[45] By amending the Act Congress sought to "discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy."[46] Social Security regulations provide that if an ALJ finds a claimant is disabled and there is medical evidence of a claimant's DAA, the ALJ must then determine whether the DAA is a contributing factor material to the determination of disability.[47] If a claimant's DAA is found to be material a claimant cannot be found to be disabled under the Act.[48]

To help the Social Security Administration abide by the CAAA the Commissioner issued SSR 13-2p which became effective March 22, 2013.[49] SSR 13-2p superseded a prior policy concerning DAA, Emergency Message (EM) 96-200, which was in effect at the time of the ALJ's

---

[43] 78 Fed. Reg. 11939; *see* Pla.'s brief p. 6-14, docket no. 15.
[44] *See* 42 U.S.C. § 423(d)(2)(C); *Salazar v. Barnhart*, 468 F.3d 615, 622 (10th Cir. 2006) (citing Pub. L. No. 104-121, 100 Stat. 848, 852).
[45] 42 U.S.C. § 423(d)(2)(C).
[46] *Ball v. Massanari*, 254 F.3d 817, 824 (9th Cir. 2001); *see also* H.R. Rep. No. 104-379, at 17 (1995) (explaining that the amendment eliminates "a perverse incentive that affronts taxpayers and fails to serve the interests of addicts and alcoholics, many of whom use their disability checks to purchase drugs and alcohol, thereby maintaining their addiction.").
[47] *See* 20 C.F.R. § 416.935.
[48] *See id.*
[49] *See id.* 78 Fed. Reg. 11939.

June 23, 2011 decision.[50] SSR 13-2p, however, is consistent with the Commissioner's prior policy regarding whether DAA is material to the determination of disability. Both SSR 13-2p and EM 96-200 set forth a procedure for an ALJ to follow when there is evidence of DAA in the record.

Here, Plaintiff argues the ALJ failed to follow the provisions of SSR 13-2p. The Court disagrees. First, SSR 13-2p was not in effect at the time of the ALJ's decision. So, it is difficult to ascertain how exactly the ALJ was supposed to follow its provisions when it was not enacted at the time of the ALJ's decision. Next, the Court has carefully reviewed the ALJ's DAA determination and finds that it followed the relevant DAA policies which were applicable. The ALJ first determined that Plaintiff was disabled and then considered her DAA. The ALJ found that in the absence of DAA Plaintiff still possessed some severe limitations, but her mental impairments improved as well as her activities of daily living.[51] Based upon this improvement the ALJ found that Herrera had the RFC to perfom a full range of light work with certain restrictions.[52] The ALJ then sought the advice of a VE and ultimately concluded that Plaintiff was not disabled under the Act. The Court finds the ALJ's DAA analysis is supported by substantial evidence in the record and complied with EM 96-200, which is consistent with the policies behind SSR 13-2p.

Finally, contrary to Plaintiff's arguments, an ALJ is not required to address in detail every issue related to materiality in cases involving an evaluation of DAA.[53] Rather, SSR 13-2p provides guidance about what the ALJ may consider in evaluating whether a claimant has DAA, whether such DAA is material, and a claimant's limitations absent such DAA. Here, the ALJ considered the required issues concerning Plaintiff's limitations and her DAA and tied his findings to substantial evidence in the record, although his decision was issued almost two years before SSR 13-2p became effective.

---

[50] *See id.* at 11939.
[51] Tr. 21-24.
[52] Tr. 24.
[53] SSR 13-2p, 78 Fed. Reg. at 11946.

Therefore, even if SSR 13-2p were in effect at the time of the ALJ's decision, the Court finds the ALJ complied with its requirements.

## CONCLUSION

Based on the foregoing, the Court concludes the ALJ's decision is supported by substantial evidence in the record. Therefore, the Court AFFIRMS the decision of the Commissioner.

DATED this 28 February 2014.

Brooke C. Wells
United States Magistrate Judge